## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHAWNDRA FAISON,

     Plaintiff,

v.

                            CASE NO.:

EEG, INC. d/b/a EMPIRE BEAUTY
SCHOOL,

     Defendant.

_____/

## **COMPLAINT**

1.     Unwanted "Robocalls" are the #1 consumer complaint in America today.

2.     The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number was 3,401,614 2016 and in 2017 it was 4,501,967.[1]

3.     EEG, Inc. d/b/a Empire Beauty School robocalled the Plaintiff 40 times.

4.     EEG, Inc. d/b/a Empire Beauty School has a corporate policy to robocall people thousands of times.

5.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm*

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years

*Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014).  Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6.      Plaintiff, Shawndra Faison, alleges Defendant, EEG, Inc. d/b/a Empire Beauty School, robocalled her more than 40 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and Invasion of Privacy ("IOP").

7.      Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8.      The TCPA was enacted to prevent companies like EEG, Inc. d/b/a Empire Beauty School from invading American citizens' privacy and prevent illegal robocalls.

9.      Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10.     According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that

2

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

11.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12.    Violations described in the Complaint occurred while Plaintiff was in Tampa, Florida.

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person and citizen of the State of FL, residing in Tampa, Florida.

14.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

15.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

16.    Defendant is a corporation with its principal place of business in Pottsville, Pennsylvania, and conducts business in the State of Florida.

17.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 324-0958.

18.    Plaintiff was the "called party" during each phone call subject to this lawsuit.

19.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20.    Defendant did not have the "express consent" of the Defendant to call her cell phone.

21.    "Express consent" is narrowly construed by the Courts.

3

22.     It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

23.     It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an ATDS.

24.     Defendant was put on notice Plaintiff did not want the Defendant contacting her.

25.     In or about April of 2018, Plaintiff began receiving calls from the Defendant in an attempt to conveince Plaintiff to return to school to further her education. After Plaintiff received the first call from the Defendant, she told them she was not interested in returning to school and asked that the Defendant not call her again but the Defendant continued to call the Plaintiff.

26.     Defendant did not have the express consent of the Plaintiff to call her.

27.     Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

28.     Defendant attempted to solicit Plaintiff's enrollment in beauty school by this campaign of telephone calls.

29.     Defendant made at least one call to (813) 324-0958.

30.     Defendant made at least one call to (813) 324-0958 using an ATDS.

31.     Defendant made at least ten (10) calls to (813) 324-0958.

32.     Defendant made at least ten (10) calls to (813) 324-0958 using an ATDS.

33.     Defendant made at least twenty-five (25) calls to (813) 324-0958.

34.     Defendant made at least twenty-five (25) calls to (813) 324-0958 using an ATDS.

35.     Defendant made at least forty (40) calls to (813) 324-0958.

36.     Defendant made at least forty (40) calls to (813) 324-0958 using an ATDS.

37.     Each call the Defendant made to (813) 324-0958 in the last four years was made using an ATDS.

38.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

39.     Defendant has called other people's cell phones without their express consent.

40.     Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

41.     The calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

42.     Plaintiff repeatedly requested the Defendant to stop calling  her cell phone, however, the Defendant continued to make calls.

43.     Defendant has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

44.     Plaintiff's conversations with the Defendant putting them on notice that they did not want more phone calls were ignored.

45.     Defendant has recorded at least one conversation with the Plaintiff.

46.     Defendant has recorded numerous conversations with the Plaintiff.

47.     Defendant has made approximately forty (40) calls to Plaintiff's aforementioned cellular telephone number since in or about April of 2018 which will be established exactly once Defendant turns over their dialer records.

48.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

49.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

50.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

51.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

52.     Defendant's phone calls harmed Plaintiff by wasting her time.

53.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

54.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

55.     Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

56.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

57.     Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the

calls.  Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

58.     Defendant never had the Plaintiff's expressed consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

59.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

60.     Defendant violated the TCPA with respect to the Plaintiff.

61.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

62.     Plaintiff incorporates Paragraphs one (1) through sixty-one (61).

63.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

64.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

65.     Defendant, EEG, Inc. d/b/a Empire Beauty School, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

66.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

67.     Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, EEG, Inc. d/b/a Empire Beauty School, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

<u>**COUNT II**</u>
**(Invasion of Privacy – Intrusion Upon Seclusion)**

68.     Plaintiff incorporates Paragraphs one (1) through sixty-one (61).

69.     Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

70.     All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

71.     Defendant's persistent autodialed calls to her cellular phone eliminated Plaintiff's right to be left alone.

72.     Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

73.     These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

74.     By calling her cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

8

75.     By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

76.     Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to her cellular phone after requests to stop is highly offensive to a reasonable person.

77.     Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

78.     As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

*Amanda J. Allen, Esq.*
Amanda J. Allen, Esquire
Florida Bar No. 0098228
William Peerce Howard, Esquire
Florida Bar No. 0103330
The Consumer Protection Firm
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*